UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| BIG SCORE ENTERTAINMENT, LLC, <br> d/b/a BSE RECORDINGS, <br> ARIKA BENTON a/k/a ARIKA KANE <br><br> Plaintiffs, <br><br> V. <br><br> SONY MUSIC ENTERTAINMENT, SONY <br> MUSIC ENTERTAINMENT DIGITAL, LLC, <br> RED DISTRIBUTION, LLC, <br> MRI ASSOCIATED LABELS, INC., <br> MEGAFORCE RECORDS, INC., <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> OCTOBER 31, 2013 |

**COMPLAINT**

### I.   INTRODUCTION

Plaintiff Big Score Entertainment, LLC, d/b/a BSE Recordings ("BSE") is a Connecticut-based recording label that, *inter alia*, promotes the works of plaintiff Arika Benton, a/k/a Arika Kane ("Arika Kane"). Plaintiffs bring this action against defendants Sony Music Entertainment ("SONY"), Sony Music Entertainment Digital, LLC ("SONY Digital", and together with SONY, "SONY Music"), RED Distribution, LLC ("RED"), MRI Associated Labels, Inc. ("MRI") and Megaforce Records, Inc. ("Megaforce") to recover compensatory and punitive damages and to obtain injunctive relief for defendants' infringement of plaintiff BSE's copyrights and trademark and defendants' misappropriation of Arika Kane's likeness and name.

## II. JURISDICTION

1. This Court has subject matter jurisdiction over plaintiff BSE's claims arising under federal law pursuant to 17 U.S.C. § 501, *et seq.* and 17 U.S.C. § 106 in that plaintiff BSE is an owner of a valid copyright which has been infringed upon by the unlawful acts of defendants.

2. This Court also has subject matter jurisdiction over plaintiff BSE's claims arising under federal law pursuant to 15 U.S.C. § 1125(a).

3. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). The plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and § 1400(a) in that a substantial part of the acts of copyright infringement giving rise to plaintiff BSE's claims occurred in the District of Connecticut, and/or the intellectual property that is the subject of this action is situated in this District, and/or defendants or their agents may be found in this District. Specifically, defendants have disseminated infringing materials worldwide, including in and to this District, and plaintiff BSE's intellectual property, which defendants have infringed, is situated in this District, and plaintiffs have suffered the resulting harm in this District.

## III. PARTIES

5. Plaintiff BSE is a Connecticut limited liability company with its principal place of business in Stratford, Connecticut.

6. Plaintiff Arika Kane is a resident of Bridgeport, Connecticut.

7.      Defendant SONY is a Delaware partnership with offices worldwide and with its principal place of business in New York, New York.  SONY is a global music recording company and is a wholly-owned subsidiary of Sony Corporation of America.

8.      Defendant SONY Digital is a Delaware limited liability company with offices in New York, New York.

9.      Defendant RED is a Delaware limited liability company and is a division of SONY doing business throughout the United States with its principal place of business in New York, New York (RED, together with SONY and SONY Digital, "SONY Defendants").

10.     Defendant Megaforce is a New York corporation and an independent record label which is distributed in the United States by SONY, SONY Digital and/or RED and does business throughout the United States with offices in New York, New York.  Upon information and belief, Megaforce is a label that is affiliated with RED.

11.     Defendant MRI is a Pennsylvania corporation doing business throughout the United States with its principal place of business in New York, New York.  MRI is a distribution company and is under common control with Megaforce.  Upon information and belief, MRI is a label that is affiliated with RED.

## IV.    CLAIMS FOR RELIEF

### A.    FIRST CLAIM FOR RELIEF (Copyright Infringement)

1 - 11. Paragraphs 1 through 11 of this Complaint are incorporated as paragraphs 1 through 11 of the First Claim for Relief.

12.     Plaintiff BSE is a Connecticut-based record label that has positioned new artists on several Billboard charts, including UAC, rhythmic, R&B, pop and urban charts.

13. Plaintiff BSE has registered with the U.S. Copyright Office and owns copyrights to the musical works and sound recordings entitled:

- "Here With Me" (Copyright Reg. No. SRu 953-536)
- "Tonight I'm Yours" (Copyright Reg. No. SRu 953-619)
- "Can't Be Without You" (Copyright Reg. No. SRu 953-562)
- "Why Did We Fall In Love" (Copyright Reg. No. SRu 953-548)
- "This One Is 4 The Lovers" (Copyright Reg. No. SRu 953-604)
- "Make It" (Copyright Reg. No. SRu 953-539)
- "Never Really Knew U" (Copyright Reg. No. SRu 953-568)
- "Follow Me" (Copyright Reg. No. SRu 953-516)
- "Ring My Bell" (Copyright Reg. No. SRu 953-609)
- "Whatcha Wait'in 4" (Copyright Reg. No. SRu 953-599)
- "B Cuz I Luv U" (Copyright Reg. No. SRu 953-606)
- "Rock Witcha" (Copyright Reg. No. SRu 953-554)
- "All My Life" (Copyright Reg. No. SRu 953-534)

(All of the above musical works and sound recordings are collectively defined as the "Works").

14. The Works have been recorded and performed by the artist Arika Benson a/k/a Arika Kane ("Arika Kane"), and have been produced in CD format as an album entitled "Arika Kane" ("Album"). Likewise, "remixes" of several of these songs, including "Bcuz I Luv U," "Here With Me," "4 The Lovers," and "Ring My Bell" ("Remixes") are derivative works of the Works and have been recorded and performed by Arika Kane. (The Album together with the Works and Remixes are henceforth referred to collectively as the "Arika Kane Recordings.")

15. Defendants have, without authorization, distributed, sold and/or made available the Album and the individual songs contained therein under their own respective labels by and through websites such as Amazon.com, Barnesandnoble.com, CDConnection.com, CDUniverse.com, iLike.com, Iodalliance.com, Kazaa.com, Napster.com, Rhapsody.com, Sale-

4

music.com, Target.com, Tower.com, Walmart.com and 7Digital.com, all to the financial detriment of plaintiff BSE.

16. Defendants, without authorization, have digitally distributed, sold and/or made available the Remixes under their respective labels by and through websites such as Walmart.com, Rhapsody.com, 7digital.com and Iodalliance.com, all to the financial detriment of plaintiff BSE.

17. Defendants have, without authorization, also uploaded, copied, displayed, distributed, sold, disseminated and/or made available the copyrighted works of Arika Kane™ through the website YouTube.com to the financial detriment of plaintiff BSE.

18. Defendants continue, without authorization, to distribute, sell and/or make available the Arika Kane Recordings on websites.

19. Plaintiff BSE did not discover any of defendants' infringing activities until late 2010.

20. On or about July 26, 2011, then-counsel for plaintiff BSE informed defendants MRI, Megaforce and RED that their sale and distribution activities with respect to the Arika Kane Recordings were without authorization and demanded that defendants cease and desist their digital distribution activities and halt any representations that defendants were the recording labels for Arika Kane™ or any of her music.

21. On or about July 27, 2011, defendant Megaforce replied to plaintiff BSE's counsel stating that Megaforce was discontinuing physical sales of the Album and that takedown notices had been issued as to the Album and any songs contained therein ("Megaforce Letter").

22. On or about July 27, 2011, defendant RED replied to plaintiff BSE's counsel stating that RED was "unaware of any of the circumstances . . . surrounding Ms. Kane's recordings" ("RED Letter"). Despite this claimed lack of knowledge, defendant RED continued by stating that it had commenced "the process of issuing takedown notices to the various digital service providers for those of Ms. Kane's recordings which were delivered to us by MRI."

23. The unauthorized distribution, sale and/or making available of the Arika Kane Recordings by defendants infringed on plaintiff BSE's exclusive rights to distribute, sell and make available the Album and the individual songs contained therein under 17 U.S.C. § 106.

24. Despite the Megaforce Letter and the RED Letter, defendants continue to distribute, sell and/or make available the Arika Kane Recordings without authorization on websites such as Amazon.com, Tower.com, Mytouchtunes.com and Last.fm and thereby continue to infringe on plaintiff BSE's exclusive rights to distribute, sell and make available the works under 17 U.S.C. § 106.

25. Defendants knowingly induced, caused, participated in, materially contributed to, and derived economic benefit from the infringement of plaintiff BSE's copyrights, and continue to do so. Plaintiff BSE has been damaged and continues to be damaged as a result.

26. Defendants' infringing conduct has been and continues to be intentional, willful, and with knowledge of and in disregard of and with indifference to plaintiff BSE's copyrights.

27. As a result of the foregoing wrongful conduct, plaintiff BSE is entitled to recover damages, which includes BSE's losses and any profits that defendants have made as a result of the wrongful conduct, pursuant to 17 U.S.C. § 504(b).

28. Alternatively, plaintiff BSE is entitled to statutory damages pursuant to 17 U.S.C. § 504(c).

29. Plaintiff BSE is further entitled to enhanced damages pursuant to 17 U.S.C. § 504(c)(2) for any and all willful conduct by defendants.

30. Because plaintiff BSE does not have adequate and complete remedy at law for the defendants' continuing wrongful conduct as to the distribution, sale and/or making available of the Album or any songs contained therein on websites such as Amazon.com, Tower.com, Mytouchtunes.com and Last.fm, BSE is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.

31. Plaintiff BSE is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**B.** **SECOND CLAIM FOR RELIEF** (Contributory Copyright Infringement)

1 - 26. Paragraphs 1 through 26 of the First Claim for Relief are incorporated as paragraphs 1 through 26 of the Second Claim for Relief.

27. Defendants knew, or should have known, that no entity other than plaintiff BSE had any rights to distribute the Arika Kane Recordings digitally.

28. Each defendant's distribution, sale and/or making available of the Arika Kane Recordings infringed on plaintiff BSE's copyright of these works.

29. Despite their knowledge that no entity other than plaintiff BSE had any rights to distribute the Arika Kane Recordings digitally and despite their knowledge of each other defendant's infringing conduct, each defendant nevertheless contributed to the other defendants'

infringing conduct by participating directly or indirectly in the unauthorized distribution, sale and making available the Arika Kane Recordings.

30. Each defendant continues to contribute to the other defendants' infringing conduct by continuing to distribute, sell and make available the Album and the songs contained therein on websites such as Amazon.com, Tower.com, Mytouchtunes.com and Last.fm.

31. Defendants' infringing conduct as aforesaid has been and continues to be intentional, willful, and with knowledge of and in disregard of and with indifference to plaintiff BSE's copyrights.

32. As a result of the foregoing wrongful conduct, plaintiff BSE is entitled to recover damages, which includes BSE's losses and any profits defendants have made as a result of the wrongful conduct, pursuant to 17 U.S.C. § 504(b).

33. Alternatively, plaintiff BSE is entitled to statutory damages pursuant to 17 U.S.C. § 504(c).

34. Plaintiff BSE is further entitled to enhanced damages pursuant to 17 U.S.C. § 504(c)(2) for any and all willful conduct by defendants.

35. Because plaintiff BSE does not have adequate and complete remedy at law for the continuing wrongful conduct of defendants SONY, RED and Megaforce as to the distribution, sale and/or making available of the Album or any songs contained therein on websites such as Amazon.com, Tower.com, Mytouchtunes.com and Last.fm, BSE is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.

36. Plaintiff BSE is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

    **C.**    **THIRD CLAIM FOR RELIEF** (Vicarious Copyright Infringement as to Defendants SONY Music, RED and Megaforce)

1 - 31.   Paragraphs 1 through 31 of the Second Claim for Relief are incorporated as paragraphs 1 through 31 of the Third Claim for Relief.

32.   Upon information and belief, defendant MRI is under common control with defendant Megaforce and is an affiliated label of defendant RED.

33.   As demonstrated by the Megaforce Letter, defendant Megaforce had the right and ability to supervise and/or control the infringing conduct of defendant MRI by stopping the unauthorized distribution, sale and/or making available of the Arika Kane Recordings. Defendant Megaforce has refused or has otherwise failed to exercise such supervision and/or control. As a direct and proximate result of such refusal or failure, defendant MRI has continued to infringe plaintiff BSE's copyrights, as set forth above.

34.   Upon information and belief, defendant Megaforce had, and continues to have, a direct financial interest in these infringing activities of defendant MRI from MRI's unauthorized distribution, sale and/or making available of the Arika Kane Recordings.

35.   As demonstrated by the RED letter, defendant RED had the right and ability to supervise and/or control the infringing conduct of its affiliated label defendant MRI by stopping the unauthorized distribution, sale and/or making available of the Arika Kane Recordings. Defendant RED has refused or has otherwise failed to exercise such supervision and/or control. As a direct and proximate result of such refusal or failure, defendant MRI has continued to infringe plaintiff BSE's copyrights, as set forth above.

36. Defendant RED had, and continues to have, a direct financial interest in these infringing activities of its affiliated label defendant MRI from MRI's distribution, sale and/or making available of the Arika Kane Recordings.

37. Defendant SONY Music had the right and ability to supervise and/or control its division defendant RED and, in turn, RED's affiliated label, defendant MRI, by stopping the unauthorized distribution, sale and/or making available of the Arika Kane Recordings. Defendant SONY Music has refused or has otherwise failed to exercise such supervision and/or control. As a direct and proximate result of such refusal or failure, defendant MRI has continued to infringe plaintiff BSE's copyrights, as set forth above.

38. Defendant SONY Music had, and continues to have, a direct financial interest in these infringing activities of its division defendant RED and RED's affiliated label, defendant MRI.

39. This infringing conduct of defendants SONY Music, RED and Megaforce has been and continues to be intentional, willful, and with knowledge of and in disregard of and with indifference to plaintiff BSE's copyrights.

40. As a result of the foregoing wrongful conduct, plaintiff BSE is entitled to recover damages, which includes BSE's losses and any profits defendants have made as a result of the wrongful conduct, pursuant to 17 U.S.C. § 504(b).

41. Alternatively, plaintiff BSE is entitled to statutory damages pursuant to 17 U.S.C. § 504(c).

42. Plaintiff BSE is further entitled to enhanced damages pursuant to 17 U.S.C. § 504(c)(2) for any and all willful conduct by defendants.

43. Because plaintiff BSE does not have adequate and complete remedy at law for the continuing wrongful conduct of defendants SONY, RED and Megaforce as to the distribution, sale and/or making available of the Album or any songs contained therein on websites such as Amazon.com, Tower.com, Mytouchtunes.com and Last.fm, BSE is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.

44. Plaintiff BSE is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

D. **FOURTH CLAIM FOR RELIEF** (False Designation of Origin – Lanham Act)

1 - 18. Paragraphs 1 through 18 of the First Claim for Relief are incorporated as paragraphs 1 through 18 of the Fourth Claim for Relief.

19. Plaintiff BSE has applied for and has used in commerce the trademark to and in the name Arika Kane™ under serial number 77751586 for International Class IC 009 and US 021 023 026 036 038; G & S: Digital materials, namely, CDs and downloadable audio recordings featuring music.

20. Plaintiff BSE owns various common law trademark rights in the name Arika Kane™ by virtue of its regular, uninterrupted and continuing use of some mark(s) in commerce.

21. In the course of distributing, selling and making available the Arika Kane Recordings, defendants have wrongfully associated their respective labels and/or logos with such works by identifying and/or allowing the identification of themselves as the recording label(s) of such works.

22. Defendants willfully, falsely and affirmatively represented that the origin and proper record label of the Arika Kane Recordings was their own.

23. Defendants' wrongful attribution of the Arika Kane Recordings to themselves has harmed plaintiff BSE by, among other things, preventing BSE from promoting the Arika Kane Recordings as its own and thereby preventing BSE from being able to collect revenue from such promotion and resultant sales of the Arika Kane Recordings.

24. A Uniform Product Code ("UPC") is a barcode symbol that is uniquely assigned to a trade item and allows for the tracking of such items at the point of sale.

25. Defendants' wrongful attribution of the Album to themselves has harmed plaintiff BSE by creating confusion as to the proper UPC for the works of Arika Kane™. For example, defendant RED's wrongful attribution of the Album with its UPC # 781341449979 has allowed and continues to allow defendant RED to receive payment from sales of the Album on websites such as Tower.com. Plaintiff BSE's UPC for the Album is 884501197069.

26. Similarly, the Amazon Standard Identification Number ("ASIN") is a unique identifier assigned to products sold on the website Amazon.com.

27. Defendants' wrongful attribution of the Album to themselves has harmed plaintiff BSE by creating confusion as to the proper ASIN for the works of Arika Kane™. For example, defendant RED's wrongful attribution of the Album with its ASIN # B003THSXHI has allowed and continues to allow defendant RED to receive payment from sales of the Album on the website Amazon.com. Plaintiff BSE's ASIN for the Album is B002QN9TNS.

28. Defendants' wrongful attribution of the Album to themselves has harmed plaintiff BSE by creating confusion as to any proper product codes utilized by any other sellers with respect to the Album.

29. Defendants have represented, and continue to represent, themselves as Arika Kane™'s label to various sources or parties, including but not limited to YouTube. As a result of the actions of defendants, parties such as YouTube have been unwilling to accept plaintiff BSE as the proper label and copyright owner of the Album and the songs contained therein and therefore have refused to display the works of Arika Kane™ through BSE to its financial and reputational detriment.

30. Defendants' wrongful conduct has allowed them to take wrongful and false credit for the works of Arika Kane™ and has thereby prevented plaintiff BSE from taking credit for such works and gaining professional and public recognition to its financial detriment.

31. Defendants continue to have their name improperly associated with the works of Arika Kane™ thereby continuing to create confusion in the marketplace as to the identity of the true and proper label and copyright owner for the works of Arika Kane™. As a result, defendants continue to benefit – financially and otherwise – from distributing, selling and making available the Arika Kane Recordings.

32. As a result of the actions of defendants, plaintiff BSE has suffered financial losses.

33. Defendants' actions constitute false designation of origin pursuant to 15 U.S.C. § 1125(a)(1)(A).

34. As a result of the foregoing wrongful conduct, plaintiff BSE is entitled to recover damages, which include BSE's losses and any profits defendants have made as a result of the wrongful conduct, pursuant to 17 U.S.C. § 1117.

35. Because plaintiff BSE does not have adequate and complete remedy at law for the defendants' continuing wrongful conduct as to the wrongful attribution of the Album or any songs contained therein to themselves on websites such as Amazon.com, Tower.com, Mytouchtunes.com and Last.fm, BSE is also entitled to injunctive relief pursuant to 17 U.S.C. § 1116(a).

36. Plaintiff BSE is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 1117(a)(3).

E. **FIFTH CLAIM FOR RELIEF** (Misappropriation)

1 - 18. Paragraphs 1 through 18 of the First Claim for Relief are incorporated as paragraphs 1 through 18 of the Fifth Claim for Relief.

19. Plaintiff Arika Kane granted plaintiff BSE the exclusive right to use, distribute, reproduce and publish her name and likeness in connection with the Arika Kane Recordings.

20. Defendants posted or permitted the posting, without authorization, of various pictures of Arika Kane, which were created exclusively for the Arika Kane Recordings by plaintiffs BSE and Arika Kane, on websites such as Amazon.com, Barnesandnoble.com, CDConnection.com, CDUniverse.com, iLike.com, Iodalliance.com, Kazaa.com, Napster.com, Rhapsody.com, Sale-music.com, Target.com, Tower.com, Walmart.com and 7Digital.com in connection with the defendants' distribution, sale and/or making available of the Arika Kane Recordings on these websites, all to defendants' commercial benefit.

21. Defendants posted or permitted the posting, without authorization, of the name "Arika Kane" on websites such as Amazon.com, Barnesandnoble.com, CDConnection.com, CDUniverse.com, iLike.com, Iodalliance.com, Kazaa.com, Napster.com, Rhapsody.com, Sale-

music.com, Target.com, Tower.com, Walmart.com and 7Digital.com in connection with defendants' distribution, sale and/or making available of the Arika Kane Recordings on these websites, all to defendants' commercial benefit.

22. Furthermore, defendants identified themselves as the record label for the Arika Kane Recordings by posting their names alongside the various pictures of Arika Kane and alongside her name on websites such as Amazon.com, Barnesandnoble.com, CDConnection.com, CDUniverse.com, iLike.com, Iodalliance.com, Kazaa.com, Napster.com, Rhapsody.com, Sale-music.com, Target.com, Tower.com, Walmart.com and 7Digital.com, and thereby improperly identifying themselves as the label for the Arika Kane Recordings in connection with defendants' distribution, sale and/or making available of these works, all without authorization and to defendants' commercial benefit.

23. Defendants continue to utilize, without authorization, Arika Kane's likeness and name in connection with the distribution, sale and/or making available the Arika Kane Recordings.

24. Defendants' actions constitute misappropriation of Arika Kane's likeness and name to the detriment of plaintiff Arika Kane and plaintiff BSE's exclusive right to use, distribute, reproduce and publish Arika Kane's likeness and name.

25. As a result of the actions of the defendants, plaintiffs Arika Kane and BSE have suffered financial losses.

25. As a result of the foregoing wrongful conduct, plaintiffs Arika Kane and BSE are entitled to recover monetary damages, including but not limited to any profits earned by defendant as a result of their wrongful misappropriation of Arika Kane's likeness and name.

26. Because plaintiffs Arika Kane and BSE do not have adequate and complete remedy at law for defendants' continuing wrongful conduct as to the use of Arika Kane's likeness and name as well as wrongful identification by defendants as the label for the Arika Kane Recording in connection with continuing distribution, sale and/or making available of the Album and the individual songs contained therein on websites such as Amazon.com, Tower.com, Mytouchtunes.com and Last.fm, plaintiffs Arika Kane and BSE are also entitled to injunctive relief.

27. Defendants' actions have been wanton and wilful and were conducted in reckless disregard of the rights of plaintiffs Arika Kane and BSE.

**F.  SIXTH CLAIM FOR RELIEF** (CUTPA)

1 - 23. Paragraphs 1 through 23 of the Fifth Claim for Relief are incorporated as paragraphs 1 through 23 of the Sixth Claim for Relief.

24. The conduct of the defendants, as alleged herein, was illegal, unscrupulous and immoral and violated the public policy of the State of Connecticut.

25. Defendants' conduct as aforesaid was undertaken in wanton, willful or reckless disregard of the law, standards of business morality and public policy, and with intent to injure plaintiffs.

26. Defendant' unfair and deceptive conduct as aforesaid caused substantial financial injury to plaintiffs as a result of wrongfully utilizing Arike Kane's like and name for their commercial benefit.

27. Defendants acted, as alleged herein, in the conduct of trade or commerce as defined in Conn. Gen. Stats. § 42-110a(4).

28. The wrongful conduct of defendants, as alleged herein, is continuing at the present time.

29. The conduct of defendants, as alleged herein, violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stats. §§ 42-110a, et seq.

30. Defendants are liable to plaintiffs pursuant to Conn. Gen. Stats. § 42-110(a) for their losses and other damages recoverable pursuant to CUTPA and for equitable orders enjoining defendants from continuing to utilize Arika Kane's likeness and name for any purpose.

## V.   **PRAYER FOR RELIEF**

Wherefore plaintiffs seek the following relief:

1. Judgment against defendants finding:

   a. that defendants have infringed plaintiff BSE's rights in the Arika Kane Recordings, in violation of 17 U.S.C. § 501;

   b. that defendants' conduct constitutes false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A);

   c. that defendants have otherwise injured plaintiff BSE's goodwill by the acts and conduct set forth in this Complaint; and

   d. that defendants' have unlawfully used Arika Kane's name and likeness for their commercial benefit.

2. Compensatory damages and disgorgement of defendants' profits pursuant to 17 U.S.C. § 504(b);

3. Enhanced statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 504(c)(2), for any and all willful infringement of plaintiff BSE's copyrights;

4. Compensatory damages and disgorgement of defendants' profits pursuant to 17 U.S.C. § 1117;

5. Compensatory damages for defendants' unlawful use of Arika Kane's name and likeness;

6. Common law punitive damages;

7. Statutory punitive damages pursuant to CUTPA;

8. Injunctive relief;

9. Attorneys' fees and costs pursuant 17 U.S.C. § 505 and 17 U.S.C. § 1117;

10. Attorneys' fees pursuant to CUTPA; and

11. Such other relief as the Court deems equitable.

Dated: October 31, 2013

Respectfully submitted,

By: /s/ David S. Golub ct00145
David S. Golub (ct00145)
Jonathan M. Levine (ct 07584)
Daniel S. Jo (ct 28969)
SILVER GOLUB & TEITELL LLP
184 Atlantic Street
P.O. Box 389
Stamford, CT 06904
(203) 325-4491 tel
(203) 325-3769 fax

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| BIG SCORE ENTERTAINMENT, LLC, <br> d/b/a BSE RECORDINGS, <br> ARIKA BENTON a/k/a ARIKA KANE <br><br> Plaintiffs, <br><br> V. <br><br> SONY MUSIC ENTERTAINMENT, SONY <br> MUSIC ENTERTAINMENT DIGITAL, LLC, <br> RED DISTRIBUTION, LLC, <br> MRI ASSOCIATED LABELS, INC., <br> MEGAFORCE RECORDS, INC., <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : OCTOBER 31, 2013 |

## CLAIM FOR JURY TRIAL

PLAINTIFFS CLAIM A TRIAL BY JURY.


Dated: October 31, 2013              Respectfully submitted,

                                     By: /s/ David S. Golub ct00145
                                     David S. Golub (ct00145)
                                     Jonathan M. Levine (ct 07584)
                                     Daniel S. Jo (ct 28969)
                                     SILVER GOLUB & TEITELL LLP
                                     184 Atlantic Street
                                     P.O. Box 389
                                     Stamford, CT  06904
                                     (203) 325-4491 tel
                                     (203) 325-3769 fax

                                     *Attorneys for Plaintiffs*